IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER EHRHEART, individually and<br>on behalf of all others similarly situated | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| PFALTZGRAFF FACTORY STORES, INC.,<br>ET AL. | : <br> : | NO. 07-1433 |

### ORDER-MEMORANDUM

**Padova, J.**

      **AND NOW,** this 20th day of August, 2007, upon consideration of Defendant Lifetime Brands, Inc.'s Motion for Reconsideration (Docket No. 24), and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that said Motion is **DENIED**.

      Defendant has asked us to reconsider that portion of our July 19, 2007 Order-Memorandum denying its Motion to Dismiss the Complaint in this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration will only be granted if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice. Public Interest Research Group of New Jersey v. Magnesium Elektron, 123 F.3d 111, 116-17 (3d Cir. 1997). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of judicial resources. Moyer v. Italwork, Civ. A. No. 95-2264, 1997 WL 312178, at *3 (E.D. Pa. June 3, 1997). Defendant contends that our previous determination that Plaintiff has standing to assert the claim alleged in the Complaint was a clear error

of law.

"A Rule 12(b)(1) Motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack, the court may consider evidence outside the pleadings." Id. (citations and footnote omitted). Defendant has asked us to review no evidence outside the pleadings; therefore, we treated its 12(b)(1) motion as a facial attack and considered the allegations of the complaint in the light most favorable to Plaintiff. Although Plaintiff has the burden of establishing subject matter jurisdiction, "the legal standard for surviving a Rule 12(b)(1) motion is a low one." Fitzgerald v. Vogel, Civ. A. No. 02-7849, 2003 WL 203562, at *1 (E.D. Pa. Jan. 29, 2003) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). We may dismiss the Complaint for lack of subject matter jurisdiction "under Rule 12(b)(1) only if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Gould Electronics, 220 F.3d at 178 (quoting Kehr Packages, 926 F.2d at 1409). Consequently, "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Fitzgerald, 2003 WL 203562, at *1 (quoting Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 899 (3d Cir.1987)).

Defendant contends that we erred as a matter of law by ignoring its argument that we lack subject matter jurisdiction in this case because Plaintiff lacks standing to sue under Article III of the

Constitution. Defendant maintains that Plaintiff does not have standing to sue under the Constitution unless she has suffered an actual concrete injury as a result of Defendant's alleged violation of the Fair and Accurate Transaction Act of 2003 ("FACTA"). Defendant relies on Doe v. Nat'l Bd. Of Medical Examiners, 199 F.3d 146, 153 (3d Cir. 1999) (explaining that our analysis of standing must focus on whether the plaintiff suffered an actual injury and not solely on whether a statute was violated (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 578 (1992))).

The Complaint alleges that Plaintiff suffered an actual injury because she was given a receipt that contained her entire credit card number or the expiration date of her credit card, in violation of a statute that gives her a right to receive a receipt that does not contain either her full credit card number or the expiration date of her credit card. The Supreme Court has recognized that "the actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing . . . .'" Havens Realty Corp. v. Coleman, 455 U.S. 363, 373 (1982) (quoting Warth v. Seldin, 422 U.S. 490, 500 (1975)). We find that Plaintiff's claim that she was injured by Defendant's violation of FACTA is neither clearly immaterial nor "wholly insubstantial and frivolous." Gould Electronics, 220 F.3d at 178 (quotation omitted). Accordingly, we conclude that our previous determination that Plaintiff suffered an injury under FACTA sufficient to confer standing was not a clear error of law. Defendant's Motion for Reconsideration is, therefore, denied.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.